**JOSEPHINE FRANCIS, Plaintiff**

v.

**ALPHONSO FRANCIS, Defendant**

Family No. 200/1987

Territorial Court of the Virgin Islands

Div. of St. Croix

July 13, 1987

ESZART A. WYNTER, ESQ., St. Croix, V.I., *for plaintiff*

RANDALL S. JOHNS, ESQ., St. Croix, V.I., *for defendant*

FINCH, Judge

## MEMORANDUM OPINION AND ORDER

This Court, pursuant to plaintiff's motion, is called upon to decide whether to set aside an unauthorized settlement from which the client has received benefits. The Court finds that the client has ratified the settlement and thus will enforce it.

## I. FACTS

The facts of this case are crucial. The parties herein were divorced on January 24, 1974. The decree provided that plaintiff, Josephine Francis was entitled to reside in jointly owned real property located at No. 118 Estate Glynn, St. Croix, Virgin Islands. On September 23, 1983, a hearing concerning the parties' rights in the Glynn property was held. Plaintiff's attorney, Melvin Evans, Jr., indicated that a settlement was reached. Defendant's attorney, Edward Ocean, represented to the Court that plaintiff was claiming a lien on the property in the amount of $2,279.17. He further represented on the record a stipulation to pay plaintiff the $2,279.17 installments in exchange for a release and satisfaction of all claims. (See Page 2, Transcript of Proceedings, September 23, 1983.) Both parties and their respective counsel were present at the hearing. (See Recording of Proceedings, September 23, 1983.) The stipulation was signed by defendant's attorney and aproved by the Court on November 13, 1984. It provided as follows:

1. That defendant will pay to the plaintiff the sum of $2,279.17, which sum shall be paid within 18 months.

2. That plaintiff relinquishes her right, title, or interest, if any, to Plot 118 Estate Glynn.

3. That this matter is dismissed with prejudice.

(See Notice of Stipulation Settling Property Rights, November 5, 1984.)

Subsequent to the order of November 13, 1984, defendant sent the settlement check for $2,279.17 in plaintiff's name to the office of the Attorney General. Plaintiff received and cashed this check. Then, on April 6, 1987, plaintiff filed the motion subjudice for relief from judgment, requesting this Court to set aside the stipulation.

The Court finds that plaintiff's attorney had no authority to enter into a stipulation of settlement on September 23, 1987. He did discuss the proposed terms with plaintiff, however, plaintiff was not in favor of them. (See affidavit of Attorney Melvin Evans, Jr., April 1, 1987.)

## II. DISCUSSION

█ The authority of an attorney to bind his client to a settlement is governed by agency law. Edwards v. Born, Inc., 792 F.2d 387, 389 (3rd Cir. 1986). Such law in the Virgin Islands is, pursuant to 1 V.I.C. § 4, as articulated in the Restatement of Agency. As

such, this Court will look to the Restatement for guidance in resolving the issue before it.

█ It is undisputed that plaintiff's attorney had no authority whatsoever to settle the matter of the stipulation. However, if plaintiff subsequently ratified the settlement, it would have the same effect as if it was originally authorized. Restatement (Second) of Agency Sec. 100, and comment a. (1958). Ratification is,

> the affirmance by a person of a prior act which did not bind him, but which was done or professedly done on his account, whereby the act, as to some or all persons, is given effect as if originally authorized by him.

Restatement (Second) of Agency Sec. 82 (1958). There are several methods of affirmance, one of which is "receipt of benefits." This method is defined as follows:

> The receipt by a purported principal, with knowledge of the facts, of something to which he would not be entitled unless an act purported to be done for him were affirmed, and to which he makes no claim except through such act, constitutes an affirmance unless at the time of such receipt he repudiates the act.

Restatement (Second) of Agency Sec. 98 (1958). It is thus clear that the settlement subjudice will be considered as ratified if plaintiff: 1) received the benefit thereof, 2) possessed knowledge of the facts of the settlement, and 3) failed to repudiate it at the time she received the benefit.

The first and third requirement are easily met. Plaintiff was entitled to receive one benefit from the settlement, i.e., payment of $2,297.17. She received and cashed defendant's check, in settlement, for $2,279.17. Clearly, plaintiff received the benefit of the settlement without repudiating it.

█ The second requirement is also met. According to the Court's own Record of Proceedings, plaintiff was present in Court when defendant's attorney explained the substance of the settlement. This constitutes notice to plaintiff of the facts of the settlement. Further, plaintiff's counsel, by his own affidavit, stated that he discussed the proposed settlement with her, and that she was not in favor of the terms. It is evident, then, that plaintiff had knowledge of the facts of the settlement when she received payment.

■ Accordingly, this Court holds that plaintiff's receipt of benefits under the settlement, coupled with her knowledge of the facts of the settlement and her failure to repudiate it, constitute ratification of the settlement. The motion for relief will therefore be denied.

## ORDER

This matter came before the Court on plaintiff's motion for relief from judgment, filed April 6, 1987. Based upon the memorandum opinion filed on even date herewith, it is hereby ORDERED that plaintiff's motion shall be and is DENIED.